United States District Court
Southern District of Texas
**ENTERED**
August 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS MONTI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 3:26-cv-254 |
| | § | |
| IMELDA GARCIA, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER**

Before the court is the plaintiffs' emergency motion for temporary restraining order. Dkt. 1 at 31–50. The court will deny the motion.

The plaintiffs have not shown a likelihood of success on the merits for their Fourteenth Amendment due process claim. Dkt. 1 ¶¶ 54–70, 87–102; *see Bio Gen LLC v. Sanders,* 142 F.4th 591, 604 (8th Cir. 2025) (finding that an Arkansas law classifying delta-8 THC products, among others, as Schedule VI controlled substances was not unconstitutionally vague). The plaintiffs also have not shown a likelihood of success on the merits for their Commerce Clause claim. Dkt. 1 ¶¶ 87–102; s*ee N. Virginia Hemp & Agric., LLC v. Virginia*, 125 F.4th 472, 497 (4th Cir. 2025) (finding that a Virginia

law prohibiting the production and sale of certain delta-8 THC products did not place an undue burden on interstate commerce).

Finally, the plaintiffs have not shown that they will face irreparable harm absent an injunction on their federal preemption claim. Dkt. 1 ¶¶ 71–86. Specifically, the plaintiffs have not alleged any facts demonstrating their need to ship products through Texas in interstate commerce—instead, the harm alleged in the complaint centers around their loss of the Texas market. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (the party seeking an injunction must "show that the threatened harm is more than mere speculation").

Accordingly, the plaintiff's emergency motion for temporary restraining order is denied. Dkt. 1.

Signed on Galveston Island this 9th day of August, 2026.

______________________________
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE